UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x

CHARLES STEED and SHYANE DEJESUS,

                               Plaintiffs,

              -against-

THE CITY OF NEW YORK, RICHARD SUARINO, in his individual capacity, JOHN and JANE DOES 1 – 15, each in his or her individual capacity,

                              Defendants.
---------------------------------------------------------------------------x

**ANSWER**

10 CV 5892 (DGT) (CLP)

**JURY TRIAL DEMANDED**

       Defendant **THE CITY OF NEW YORK**, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its Answer to the Complaint, respectfully alleges as follows:

       1.     Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

       2.     Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

       3.     Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to invoke jurisdiction as stated therein.

       4.     Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiff purports to base venue as stated therein.

       5.     Denies the allegations set forth in paragraph "5" of the Complaint, except admits that plaintiff purports to demand a jury trial as stated therein.

6.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8.  Denies the allegations set forth in paragraph "8" of the Complaint, except admits that defendant **THE CITY OF NEW YORK** is a municipal corporation organized and existing under the laws of the State of New York.

9.  Denies the allegations set forth in paragraph "9" of the Complaint, except admits that defendant **THE CITY OF NEW YORK** maintains a police department, and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the New York City Police Department's functions.

10. Denies the allegations set forth in paragraph "10" of the Complaint, except admits that defendant **POLICE OFFICER RICHARD SUARINO** is employed by defendant **THE CITY OF NEW YORK**.

11. Admits the allegations set forth in paragraph "11" of the Complaint.

12. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Denies the allegations set forth in paragraph "13" of the Complaint, except admits that plaintiff purports to sue defendants **JOHN and JANE DOES 1 – 15** as stated therein.

14. Paragraph "14" of the Complaint contains conclusions of law rather than averments of fact and, accordingly, requires no response.  To the extent that a response is

required, defendant **THE CITY OF NEW YORK** denies the allegations set forth in paragraph "14" of the Complaint.

15.	Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16.	Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17.	Denies the allegations set forth in paragraph "17" of the Complaint.

18.	Denies the allegations set forth in paragraph "18" of the Complaint.

19.	Denies the allegations set forth in paragraph "19" of the Complaint.

20.	Denies the allegations set forth in paragraph "20" of the Complaint.

21.	Denies the allegations set forth in paragraph "21" of the Complaint.

22.	Denies the allegations set forth in paragraph "22" of the Complaint.

23.	Denies the allegations set forth in paragraph "23" of the Complaint.

24.	Denies the allegations set forth in paragraph "24" of the Complaint.

25.	Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26.	Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27.	Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28.	Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Admits the allegations set forth in paragraph "29" of the Complaint, except denies knowledge and information sufficient to form a belief as to the truth of the allegations concerning the length of time plaintiff **CHARLES STEED** was in custody before being arraigned.

30. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Denies the allegations set forth in paragraph "31" of the Complaint, except admits that plaintiff's criminal court case was dismissed and sealed on September 27, 2010.

32. In response to the allegations set forth in paragraph "32" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1 - 31" inclusive of its Answer, as if fully set forth herein.

33. Denies the allegations set forth in paragraph "33" of the Complaint.

34. In response to the allegations set forth in paragraph "34" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1 - 33" inclusive of its Answer, as if fully set forth herein.

35. Denies the allegations set forth in paragraph "35" of the Complaint.

36. Denies the allegations set forth in paragraph "36" of the Complaint.

37. Denies the allegations set forth in paragraph "37" of the Complaint.

38. In response to the allegations set forth in paragraph "38" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1 - 37" inclusive of its Answer, as if fully set forth herein.

39. Denies the allegations set forth in paragraph "39" of the Complaint.

40. Denies the allegations set forth in paragraph "40" of the Complaint.

41. Denies the allegations set forth in paragraph "41" of the Complaint.

42. In response to the allegations set forth in paragraph "42" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1 - 41" inclusive of its Answer, as if fully set forth herein.

43. Denies the allegations set forth in paragraph "43" of the Complaint.

44. In response to the allegations set forth in paragraph "44" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1 - 43" inclusive of its Answer, as if fully set forth herein.

45. Denies the allegations set forth in paragraph "45" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

46. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

47. Defendant **POLICE OFFICER RICHARD SUARINO** has not violated any rights, privileges, or immunities under the Constitution or laws of either the United States, State of New York, or any political division thereof, nor has defendant **POLICE OFFICER RICHARD SUARINO** violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

48. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening culpable and/or negligent conduct of others, and was not the proximate result of any act of defendant **POLICE OFFICER RICHARD SUARINO**.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

49. Defendant **POLICE OFFICER RICHARD SUARINO** has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

50. At all times relevant to the incident, defendant **POLICE OFFICER RICHARD SUARINO** acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

51. Plaintiffs provoked any incident.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

52. There was probable cause for plaintiffs' arrest, detention, and prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

53. Plaintiff's claims are barred in whole or in part for failure to comply with conditions precedent to suit under state law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

54. There was reasonable suspicion and/or probable cause for any stop and/or search.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

55. This action may be barred in part by the doctrine of *res judicata* and/or collateral estoppel.

**WHEREFORE**, defendant **POLICE OFFICER RICHARD SUARINO** requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 26, 2011

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
THE CITY OF NEW YORK &
RICHARD SUARINO
100 Church Street, Room 3-197
New York, New York 10007
(212) 676-1307

By:   /s/
      GREGORY P. MOUTON, JR. (GM-4379)
      Assistant Corporation Counsel
      Special Federal Litigation Division

To:

DARIUS WADIA, LLC (via ECF)
233 Broadway, Suite 2208
New York, NY  10279

Index No.  10 CV 5892 (DGT) (CLP)
_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

CHARLES STEED and SHYANE DEJESUS,

Plaintiff,

-against-

THE CITY OF NEW YORK, RICHARD SUARINO, in his individual capacity, JOHN and JANE DOES 1 – 15, each in his or her individual capacity,

Defendants.

_____

**ANSWER**
_____


MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
THE CITY OF NEW YORK &
RICHARD SUARINO
100 Church Street
New York, New York 10007


File No.  2011-001961